## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

_____
                                        )
RONALD J. BARGANTINE,                   )
                                        )
        Plaintiff,                      )        Civil Action No: 1:13-cv-11132-JCB
                                        )
v.                                      )
                                        )
MECHANICS COOPERATIVE BANK,             )
                                        )
        Defendant                       )
_____)

### PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PORTIONS OF AFFIDAVIT OF RONALD J. BARGANTINE

## I. INTRODUCTION

Defendant has moved to strike portions of Plaintiff Ronald Bargantine's affidavit on hearsay grounds, yet at the same time has taken the position in correspondence between counsel that it would oppose any effort to hold an evidentiary hearing at which the speaker of the allegedly hearsay statements could be subpoenaed to appear and testify directly.  Defendant's motion should be denied in the first instance because the statements in question are not offered for the truth of the matter asserted and are therefore non-hearsay.  To the extent that the Court concludes that any of these statements are hearsay, moreover, the individual whose statements are recited in the affidavit resides within the Commonwealth, and is subject to this Court's subpoena power.  This issue, therefore, could easily be resolved by scheduling an evidentiary hearing.

## II. ARGUMENT

### A. Plaintiff's statements are not hearsay and/or are properly admitted under a hearsay exception

The first two statements challenged by the Defendant involve a recitation of statements made by Nancy Stokes, a representative of the Defendant, to a nonparty witness, Mr. Anderson.  Ms. Stokes' statements are admissions of a party opponent and are therefore non-hearsay.  The issue, therefore, is whether Mr. Anderson's recitation of Ms. Stokes' statements is hearsay.

Mr. Bargantine's affidavit recites two such statements:

1. That Mr. Anderson told Mr. Bargantine that "in return [for Mr. Bargantine agreeing to reinstall the phone system], the [Defendant] agreed to call the Somerset Police Department and inform them that [Mr. Bargantine] had returned the telephone system to its prior condition and that [Defendant] would take no further action against me."  Bargantine Affidavit, ¶24;

2. That Mr. Anderson told Mr. Bargantine that, upon learning of Mr. Bargantine's incarceration, Ms. Stokes stated, among other things, 'Oh sh--, I forgot to call the police,' or words to that effect." Bargantine Affidavit, ¶34; and

The first statement is offered to prove (i) that Ms. Stokes made the statement upon which Mr. Bargantine relied; and (ii) the formation and terms of the oral agreement between the parties.  Such statements are not hearsay.  The distinction between statements offered to prove ***what*** was said and those offered to prove the truth of what was said has been recognized as "the classic distinction between the hearsay and nonhearsay use of prior out-of-court statements."  *Spraying Sys. Co. v. William G. Smart Co., Inc.*, 816 F. Supp. 465, 469-70 (N.D. Ill. 1993).  Further, it is well-recognized that the hearsay rule does not preclude statements offered to establish the formation or terms of an oral agreement. *See Shimer v. Foley, Hoag & Eliot LLP*, 59 Mass. App. Ct. 302, 309, 795 N.E.2d 599, 605 (2003)("Shimer's testimony that Synthes made him an offer, and the terms of that offer, was ***admissible precisely for the fact that the offer was made and for its terms***.")(emphasis added); *see also Werner v. Botti, Marinaccio & DeSalvo*, 205 Ill. App. 3d 673, 678, 563 N.E.2d 1147, 1152 (1990)("…it has been recognized that

2

the prohibition against hearsay does not preclude relevant testimony as to what the contracting parties said with respect to the making or the terms of an oral agreement")(citations omitted).   Further, Ms. Stokes' statements are relevant to Mr. Bargantine's state of mind, which in turn is relevant to demonstrating his reasonable reliance on those statements.  *See Bongaards v. Millen*, 440 Mass. 10, 15 (2003)(reciting elements of promissory estoppel claim, including an act in reasonable reliance on a defendant's promise);[1] *Evans v. Certified Engineering & Testing co., Inc.*, 834 F.Supp. 488, 499 n9 (D. Mass. 1993) ([S]tatement does not constitute inadmissible hearsay inasmuch as this statement would be offered to prove [Plaintiff's] state of mind or motive under Rule 803(3), F.R.E.)  For all of these reasons, the statements in Paragraph 24 of Mr. Bargantine's affidavit are not hearsay and should not be excluded.

Mr. Bargantine's statement in Paragraph 34 of his Affidavit is similarly not hearsay because it was not offered to prove the truth of the matter asserted.  Ms. Stoke's statement of "Oh sh--, I forgot to call the police," or words to that effect, is a statement by a party opponent and therefore not hearsay. F.R.E. 801(d)(2). Even though Ms. Stokes' statement was relayed through Mr. Anderson, Paragraph 34 is not being offered to prove that Ms. Stokes in fact forgot to call the police (a fact that is self-evident on the record even in the absence of this statement, but rather to prove that there was an agreement between Defendant and Mr. Bargantine and that Ms. Stokes was aware of that

---

[1] As argued in Plaintiff's opposition to Defendant's 12(b)(6) Motion to Dismiss, Plaintiff's claim for Negligent Misrepresentation should be considered by the Court as a claim for promissory estoppel. *See Dill v. American Home Mortgage Servicer, Inc.*, CIV. A. 1:12-10202, 2013 WL 1292404 (D. Mass. 2013) (claim titled negligence should be viewed as one of negligent misrepresentation where "[i]t is the substance, rather than form, of the allegations that determines the nature of the claim"), citing *Fernandes v. Havkin*, 731 F.Supp. 2d 103, 121 n, 12 (D. Mass. 2010)(citations omitted). Plaintiff intends to file a motion for leave to amend the complaint to include promissory estoppel under separate cover.

agreement.  *See Shimer*, 59 Mass. App. Ct. at 309; *Werner*, 205 Ill. App. 3d at 678, 563.

Accordingly, Paragraph 34 of Mr. Bargantine's Affidavit is non-hearsay and admissible.

Finally, Defendant challenges Mr. Bargantine's statement in Paragraph 39 of his

Affidavit that his business manager resigned from his company shortly after the incident,

indicating her discomfort working with him as a result of the criminal charges against

him.  Bargantine Affidavit, ¶39.  This statement is offered as evidence of the harm caused

to Mr. Bargantine by the impact on his reputation of his incarceration and the related

publicity.  As such, it is reputation evidence and not excluded by the hearsay rule.  *See*

FED. R. EVID. 803(21)(excluding from the hearsay rule evidence of "[a] reputation among

a person's associates or in the community concerning the person's character.").

Accordingly, this statement too is admissible.

**B.**   **If Mr. Anderson's statements are considered hearsay, the issue with respect to paragraphs 24 and 34 can be resolved by holding an evidentiary hearing**

Even if the Court were to conclude that Mr. Anderson's statements as relayed in

Mr. Bargantine's affidavit are hearsay, the Motion to Strike is an inappropriate remedy.

Mr. Anderson resides within the subpoena power of this Court, and can be summoned to

appear at an evidentiary hearing to testify directly about the statements made to him by

Ms. Stokes.  In the alternative, Plaintiff asks for leave of the Court to hold an evidentiary

hearing and subpoena Mr. Anderson so that he may testify to his knowledge of this

matter.

**III. CONCLUSION**

For the forgoing reasons, Plaintiff requests this Court deny Defendants' Motion to

Strike portions of the Affidavit of Ronald J. Bargantine.

Respectfully submitted,
RONALD J.BARGANTINE,
By his counsel:
/s/ Beth M. Nussbaum
Emily E. Smith-Lee (BBO# 634223)
esmithlee@slnlaw.com
Beth M. Nussbaum (BBO# 633878)
bnussbaum@slnlaw.com
Smith Lee Nebenzahl, LLP
One Post Office Square
Sharon, MA  02067
781-784-2322
781-793-0600 (facsimile)

Dated: September 27, 2013

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent those indicated as non-registered participants on September 27, 2013.

/s/ Beth M. Nussbaum