UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RONALD J. BARGANTINE,<br>      Plaintiff<br>v.<br>MECHANICS COOPERATIVE BANK,<br>      Defendant | Civil Action No. 13-11132-NMG |

**AFFIDAVIT OF MARK W. CORNER IN SUPPORT OF APPLICATION FOR ATTORNEYS' FEES AND COSTS PURSUANT TO G.L. c. 231, §59H**

Mark W. Corner states under the penalties of perjury that the following facts are true, based upon his personal knowledge.

1. I am an attorney and partner at the law firm of Riemer & Braunstein LLP. I am counsel of record for the Defendant Mechanics Cooperative Bank in the above-captioned matter.

2. I submit this affidavit in support of Defendant's Application for Attorneys' Fees and Costs, to which it is entitled as a result of the Court having allowed the Defendant's Special Motion to Dismiss Pursuant to G.L. c. 231, §59H, and having dismissed all but one of the eight (8) claims raised against the Defendant by the Plaintiff Ronald Bargantine. Some of the Plaintiff's claims were dismissed pursuant to G.L. c. 231, §59H, while others were dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

3. Riemer & Braunstein LLP was engaged by Federal Insurance Company ("Federal"), a member of the Chubb Group of Insurance Companies ("Chubb"), to defend the interests of its insured, Mechanics Cooperative Bank, in the above-captioned matter.

4. I have been a member in good standing of the Massachusetts Bar since December 21, 1987. Since approximately January 1989 I have practiced exclusively in the area of civil litigation. I practice regularly before the United States District Court for the District of

Massachusetts, among other trial and appellate courts of the Commonwealth of Massachusetts and the United States.  My litigation practice regularly includes the trial of complex business and commercial disputes, insurance defense and coverage matters, and land use, planning and zoning litigation matters.

5. I received by Bachelor of Arts Degree, *magna cum laude*, from Bowdoin College in 1982.  I received my Juris Doctor Degree, *cum laude*, from Boston College Law School in 1987.

6. Based on my education and experience, I am familiar with the billing rates and practices of law firms in the Greater Boston area.  My standard hourly rate, as charged by Riemer & Braunstein LLP, is $435.00 per hour.  Based on my education and experience, I believe my standard rate of $435.00 is fair and reasonable, and consistent with that of attorneys in the City of Boston with my education and experience.

7. By agreement between Riemer & Braunstein LLP and Chubb, work performed by Riemer & Braunstein LLP attorneys for Chubb's insureds, such as the Defendant, is billed for all partner level attorneys at a rate of $165.00 per hour.  A substantial portion of the legal research in connection with the Defendant's two motions to dismiss were performed by Evan O'Roarke, a summer associate employed at Riemer & Braunstein during the summer of 2013, whose time on Chubb matters was billed at a rate of $80.00 per hour.

8. In connection with this matter, and in defending Mechanics' position in this lawsuit, I prepared and argued a Special Motion to Dismiss, which was allowed by the Court by Order dated November 27, 2013 (Docket No. 41), resulting in dismissal of seven of the eight causes of action asserted against Mechanics in the above-captioned action by the Plaintiff Ronald

Bargantine. Based on my education and experience, the time spent in connection with my representation of the Defendant in this matter is fair and reasonable under the circumstances.

9. Based upon my review of Riemer & Braunstein time and billing records, maintained by the firm in good faith and in the ordinary course of its business, Riemer & Braunstein legal staff worked 126.8 hours, and charged Federal in the amount of $14,198.50, for the period from May 8, 2013, when I first learned that Mr. Bargantine filed suit, through November 27, 2013, when the Court issued its orders granting the Defendants' motions to dismiss.

10. Legal fees incurred to date in connection with this matter, calculated by the number of hours worked multiplied by $165.00 per hour for myself and other attorneys working on this matter (specifically Joseph R. Valle, Jr., a Senior Partner of Riemer & Braunstein) and by the number of hours worked by Mr. O'Roarke multiplied by $80.00 per hour. The fees charged by Riemer & Braunstein are calculated on the basis of 47.7 hours of attorney time, billed at $165.00 per hour, and 79.1 hours of law clerk time, billed at $80.00 per hour. Both the services rendered, and the fees incurred, are fair and reasonable, in my opinion, based upon my knowledge, education and experience. In addition, the work performed by Riemer & Braunstein LLP in this matter resulted in the dismissal of seven of the eight counts alleged in the Plaintiff's complaint, so there can be no controversy that the Defendant would be prevailing party in this matter.

11. The billing statements also contained out-of-pocket disbursements in the amount of $64.54 made by Riemer & Braunstein in connection with defense of its insured, the Defendant, in this matter to date. Such out-of-pocket expenses were disbursed by Riemer & Braunstein for photocopying charges in this matter, but would normally include such other items

as fax, mail, online research, telephone, delivery, travel expenses and the like.  Based upon my education and experience such disbursements were reasonable and necessary to the defense of this action, and are fair and reasonable in amount.

12. All bills issued by Riemer & Braunstein LLP to Chubb for defense of Chubb's insureds are audited by an outside contractor engaged by Chubb for compliance with billing standards, and for reasonableness of the time spent on the tasks associated with the billing activity.  Riemer & Braunstein LLP's fees and expenses are paid following such audit.

13. Total fees and disbursements incurred by Riemer & Braunstein LLP in preparation and argument of the Defendants' motions to dismiss, including the Defendant's Special Motion to Dismiss Pursuant to G.L. c. 231, §59H, which was allowed in part and denied in part and which, along with the Court's grant of the Defendant's motion to dismiss for failure to state a claim resulted in the dismissal of substantially all claims against the Defendant, and paid by Chubb following independent audit of bills, totals $14,263.04 through November 27, 2013.  In my opinion, the services rendered and the rates charged are fair and reasonable.

14. I stand ready to provide the Court with Riemer & Braunstein's audited billing statements which provide back-up for the assertions contained in this Affidavit.

**SIGNED UNDER THE PENALTIES OF PERJURY THIS 23rd DAY OF DECEMBER, 2013.**

 */s/Mark W. Corner*_____
 **Mark W. Corner**

## **CERTIFICATE OF SERVICE**

I, Mark W. Corner, hereby certify that the foregoing was served by electronic notification upon the following on December 23, 2013.

Beth M. Nussbaum, Esquire
Smith Lee Nebenzahl, LLP
One Post Office Square
Sharon, MA  02067

*/s/ Mark W. Corner* _____
Mark W. Corner

1561437.1