UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RONALD J. BARGANTINE, ) | |
| ) | |
| Plaintiff, ) | Civil Action No: 1:13-cv-11132-NMG |
| ) | |
| v. ) | |
| ) | |
| MECHANICS COOPERATIVE BANK, ) | |
| ) | |
| Defendant ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR ATTORNEY'S FEES PURSUANT TO G.L. C. 231, § 59H**

**I. INTRODUCTION**

While Chapter 231, Section 59H ("§ 59H") provides for the mandatory award of attorney's fees and costs to a prevailing non-movant, Defendant Mechanics Cooperative Bank ("Bank") is not entitled to anywhere near the amount sought, where: (i) the Bank was only successful as to having three claims dismissed as a result of its motion pursuant to §59H; (ii) the Bank's claimed hours are grossly excessive as they constitute nearly twice the amount of hours that Plaintiff, Ronald Bargantine, expended opposing the Bank's § 59H motion to dismiss, its 12(b)(6) motion to dismiss, its motion to strike, and Mr. Bargantine's motion for leave to file supplemental authority and the supplemental authority, inclusive; and (iii), Mr. Bargantine did not contest application of § 59H by the Federal Court, an argument upon which the Bank devotes a significant portion of its memorandum.  As further explained below, this Court should therefore award the Bank a reasonable amount for its efforts on the § 59H motion, greatly reduced from its request.

## II. RELEVANT FACTS

On May 8, 2013, Mr. Bargantine filed a complaint against the Bank. Thereafter on July 15, 2013, the Bank filed a Special Motion to Dismiss pursuant to G.L. c. 231, § 59H, ("§ 59H motion") as well as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) ("12(b)(6) Motion"). Mr. Bargantine filed oppositions to those motions on August 12, 2013. In its § 59H motion, the Bank relied upon *Godin v. Schencks*, a First Circuit decision applying Maine's anti-SLAPP statute in federal diversity cases, to argue that § 59H must also be applied in federal diversity cases. See Memorandum of Law in Support of Defendant's Special Motion to Dismiss Pursuant to c. 231, § 59H at 7-9, citing 629 F.3d 79 (1st Cir. 2010). Given the holding of *Godin v. Schencks* and its apparent applicability to § 59H, Mr. Bargantine did not contest the Bank's argument with regard to the applicability of § 59H in federal diversity proceedings. *See* Nussbaum Affid., ¶ 4. Subsequently, the Bank filed a motion to strike portions of Plaintiff's Affidavit file in support of his opposition to the motions to dismiss, which Plaintiff opposed.

After hearing, this Court issued its Memorandum and Order ("Order") on the three motions on November 26, 2013. The Court therein denied Defendant's 59H motion with regard to Counts I, II, III, IV, and VIII, granting the § 59H motion only with regard to Counts V, VI and VII, denied Defendant's motion to strike, and granted dismissal under Defendant's 12(b)(6) motion with regard to all but one (Count I-Breach of Contract) of the remaining counts.

The Bank has requested payment for 126.8 hours of legal fees, including for all legal services rendered from the outset of suit through issuance of the Court's order on the §59H motion. Plaintiff's counsel, including the partner, senior associate, and law clerk, spent approximately 69 hours researching, drafting and arguing Plaintiff's oppositions to Defendant's § 59H motion to dismiss, its 12(b)(6) motion to dismiss, its motion to strike, as well as on

Plaintiff's motion for leave to file supplemental authority and the supplemental authority pertaining to Plaintiff's 93A claim.  Aff. Beth M. Nussbaum, ¶¶ 5.  Of those 69 hours, approximately 31 were spent on the § 59H motion.  *Id*.

## III. ARGUMENT

### A. **Defendant is only entitled to fees for the claims on which it prevailed under the § 59H motion.**

Notwithstanding its claim for all of the legal fees it incurred from this matter's inception through the Court's Order of November 27, 2013, the Bank should recover fees only for time spent on the three claims on which it prevailed in its § 59H motion, and any related discovery, of which there was none.  The Bank erroneously states at one point in its Affidavit in support of its motion for fees that its § 59H motion resulted in "dismissal of seven of the eight causes of action asserted against Mechanics."  *See* Affidavit of Mark Corner, ¶ 8.  Elsewhere in its motion and affidavit the Bank concedes that it only succeeded in having a portion claims dismissed through the § 59H motion, yet nevertheless asserts its entitlement to recover fees for all of the work its counsel completed on this matter "from May 8, 2013, the date [he] first learned of Plaintiff's suit, through November 27, 2013, when the Court issued its orders granting the Defendants' motions to dismiss."  The Bank includes all of the time spent on its unsuccessful efforts to have five of eight claims dismissed through the § 59H motion, all of its time on the 12(b)(6) motion, as well as the time spent on its unsuccessful motion to strike.

The Bank should not recover fees on the remaining five claims for which its special motion to dismiss was denied, not for the four that were dismissed through the 12(b)(6) motion (for which there is no provision for recovery of attorney's fees), nor for its unsuccessful motion to strike.  *See Donovan v. Gardner*, 50 Mass. App. Ct. 595, 601 (2000) (within the court's discretion to limit award of fees and costs to only those reasonably related to special motion to

3

dismiss); *Giuffrida v. High Country Investor, Inc.*, 73 Mass. App. Ct. 225, 244, 897 N.E.2d 82, 99 (2008) (while moving party need not prevail on all counts to qualify for an award, as in other fee award situations, judge may make an appropriate adjustment to account for the prevailing party's limited success). *See also Eastern Holding Corp. v. Congress Financial Corp.*, 74 Mass. App. Ct. 737, 744 (2009).

Moreover, as recognized by this Court in denying the Bank's § 59H motion as to the remaining five claims, such claims concern facts that occurred before and after Defendant's petitioning activity and were clearly separable for the purpose of determining which alleged acts solely constitute petitioning activity. *See* Ex. B at 8-9. Accordingly, Defendant cannot now claim that the alleged facts underlying the five claims which were not dismissed under its § 59H motion were so closely related that it is impossible to separate work performed opposing those claims from that of the three claims that were dismissed through the § 59H motion.

In support of its claim for virtually all legal fees to date, the Bank cites *Office One, Inc. v. Lopez*, 437 Mass. 113 (2002) and *Fabre v. Walton*, 436 Mass. 517 (2002). Both of these cases, however, are inapposite and do not support the Bank's position. *Office One, Inc*. deals with a matter that involved "years of protracted litigation" by the plaintiff telecommunications providers against the trustees and residents of a residential condominium. *See* 437 Mass. at 115-117. There, the trial court reinstated several of the counts it had dismissed pursuant to the defendants' § 59H motion after the *Duracraft*[1] decision, (subsequently dismissed those counts on other grounds) but declined to vacate its orders granting attorney's fees and costs to reflect the reinstated claims, finding little of the attorneys' time specifically allocable to the reinstated counts and that apportioning some of the fees to the reinstated claims "would prove too difficult." *See id*. at 119-120. Holding that the trial court properly exercised its discretion, the

---

[1] *Duracraft Corp. v. Holmes Prods. Corp.*, 427 Mass. 156 (1998)

Massachusetts Supreme Judicial Court found that an award of fees for a successful § 59H "need not" be limited to work incurred in bringing the special motion itself, citing the statute's goal of resolving SLAPP litigation "quickly with minimum cost." *Id*. at 125-126.

This case, however, does not involve "years of protracted litigation," but rather, has moved quickly to date and involves a fairly straightforward set of facts. Plaintiff filed suit in May 2013 and served no discovery requests prior to this Court's ruling on the § 59H motion. Indeed, aside from his complaint and oppositions (including supplemental authority) to Defendant's motions to dismiss and to strike, Plaintiff has filed no pleadings. Nor should it be "too difficult" to ascertain at least a fair approximation of how much time Defendant devoted specifically to the three claims on which it successfully moved for § 59H dismissal, where with a minimum of effort Plaintiff has been able to determine that his counsel spent approximately 31 hours opposing the § 59H motion. Nussbaum Aff., ¶ 5.

*Fabre*, in turn, is no more instructive as to the facts at hand. In that case, a former boyfriend brought a single claim of abuse of process against his former girlfriend, who had successfully obtained a domestic abuse prevention order against him. See 436 Mass. 517. There, the Massachusetts Appeals Court reversed the trial court's decision, dismissing the single claim and thus the suit in its entirety. *Id*. at 524-525. The Court further indicated that the defendant girlfriend was entitled to attorney's fees both on the trial and the appellate level, the only costs there at issue. *Id*. at 525. Thus, there is no valid comparison to this case, where the Bank prevailed against Mr. Bargantine on only three of the eight claims filed in its § 59H motion, the Bank did not prevail in its motion to strike, the bank has no basis of entitlement for fees related to its 12(b)(6) motion, and there has been no appeal. Therefore this Court should reduce the Bank's request for fees accordingly.

> **B. Defendant's request for reimbursement based on 126.8 hours of attorney time is unreasonably high where Plaintiff spent half as much time preparing his opposition to all three of Defendant's motions yet his memoranda were of comparable length and quality.**

Defendant's request for fees should be further reduced where the number of hours claimed, 126.8, is grossly excessive. *See North American Expositions Co. Limited Partnership v. Corcoran*, 452 Mass. 852, 872 (2009) (while attorney's rates were reasonable, some of the time expended was excessive warranting reduction in the amount requested, where time involved was too high to be "reasonable."). *Cf. Burley v. Comets Cmty. Youth Ctr., Inc.*, 75 Mass. App. Ct. 818, 822, (2009) (Special motion to dismiss under the anti-SLAPP should not be used as a strategic vehicle for shifting the fees and costs incurred by the moving party…). In contrast, Plaintiff spent a sum total of 69 hours, including that of the partner, senior associate and law clerk, opposing all three motions filed by Defendant, including the § 59H motion, 12(b)(6) motion, and the motion to strike, as well as on his motion for leave to file supplemental authority.

Of greater significance, Plaintiff spent approximately 31 hours opposing the § 59H motion. Whereas Defendant's memorandum in support of its § 59H motion is 15 pages long and contains some eight pages of argument, Plaintiff's opposition is 20 pages long, including 13 pages of argument, and is at least comparable in terms of the depth of research and quality of legal writing. Defendant's hours, therefore, should be reduced to the amount it spent on the successful portion of its § 59H motion, or an approximation thereof. Should Defendant claim that it is impossible to differentiate such hours from those spent on other facets of the case, this Court should use as a guide the number of hours Plaintiff identified as a reasonable benchmark to gauge the amount of time Defendant likely spent, or should have spent, on the successful portion of its § 59H motion.

Finally, Defendant's award should be additionally reduced by the amount of time it spent on its argument that § 59H is applicable in federal diversity cases, which Plaintiff did not contest. For these reasons, Defendant is not entitled to recompense for attorney's fees for this portion of its argument and its request for fees should be further reduced accordingly.

### III. CONCLUSION

For the forgoing reasons, Plaintiff requests this Court to deny Defendant's request for $14,263.04 for attorney's fees and costs and instead reduce any award to an amount based on a reasonable number of hours spent only on the contested three issues on which it prevailed in its § 59H motion.

    Respectfully submitted,
    RONALD J.BARGANTINE,
    By his counsel:
    /s/ Beth M. Nussbaum
    Emily E. Smith-Lee (BBO# 634223)
    esmithlee@slnlaw.com
    Beth M. Nussbaum (BBO# 633878)
    bnussbaum@slnlaw.com
    Smith Lee Nebenzahl, LLP
    One Post Office Square
    Sharon, MA  02067
    781-784-2322
    781-793-0600 (facsimile)

Dated: January 21, 2014

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 21, 2014.

    /s/ Beth M. Nussbaum